IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER WHITEHURST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1945-L-BN |
| | § | |
| RAQUEL MOSS and HENRY WADE, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jennifer Whitehurst filed a *pro se* complaint against two individuals alleged to be "employees at Dallas County," and asserts claims of discrimination based on color, race, sex, and disability and that she was retaliated against in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, as amended (the "ADA"). Dkt. No. 3.

Whitehurst also moved for leave to proceed *in forma pauperis* ("IFP") [Dkt. No. 5] and for a hearing [Dkt. No. 6].

Because she filed her complaint IFP, United States District Judge Sam A. Lindsay referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Whitehurst's IFP motion through a separate order, subjecting the complaint to screening under 28 U.S.C. § 1915(e).

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court

should dismiss the complaint and thereby deny the motion for a hearing.

## Legal Standards

Section 1915(e) requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Under this standard, a *pro se* complaint need not contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

But, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of

further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

And, so, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

## Analysis

To start, the wrongful employment practices that supposedly violated federal statutes (Title VII and the ADA), which underlie Whitehurst's allegations, may only be asserted against "an employer, as defined in the statutes, not an individual supervisor or fellow employee, ... regardless of whether the person is sued in his or her individual or official capacity." *Brewer v. Lavoi Corp.*, No. 3:13-cv-4918-N, 2014 WL 4753186, at *3 (N.D. Tex. Sept. 24, 2014) (citations omitted).

This means that, although Whitehurst has only named defendants who are individuals, neither "Title VII [nor the ADA] impose[s] liability on individuals unless they are 'employers.'" *Provensal v. Gaspard*, 524 F. App'x 974, 977 (5th Cir. 2013) (per curiam) (citing *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994) ("conclud[ing] that title VII does not permit the imposition of liability upon individuals unless they meet title VII's definition of 'employer'")); *Brewer*, 2014 WL 4753186, at *3 ("Courts

interpret the ADA and ADEA consistent with the provisions of Title VII." (collecting cases and dismissing the plaintiff's "Title VII, ADEA, and ADA claims against the eight supervisory defendants ... with prejudice")).

And, if the allegations are asserted against statutory employers, "[i]n an employment discrimination case, the complaint need not 'contain specific facts establishing a prima facie case of discrimination under the framework set forth ... in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).'" *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)).

"But [Whitehurst] is still required 'to plead sufficient facts *on all of the ultimate elements*' of her claim." *Id.* (quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016); emphasis in *Norsworthy*).

And, at this stage, "a plaintiff must plead two 'ultimate elements' in order 'to support a disparate treatment claim … : (1) an 'adverse employment action,' (2) taken against a plaintiff '*because of* her protected status.'" *Thomas v. Dall. Indep. Sch. Dist.*, No. 23-10882, 2024 WL 2874367, at *4 (5th Cir. June 7, 2024) (quoting *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019); emphasis in *Cicalese*).

That is, Whitehurst's complaint

> must plausibly set out facts that the "defendant[s] took the adverse employment action against [her] *because of* her protected status." [And, so, Whitehurst] must allege "facts, direct or circumstantial, that would suggest [the employer's] actions were based on [a protected status] or that [the employer] treated similarly situated employees [who are not members of her protected status] more favorably."

*Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509,

at *5 (5th Cir. Nov. 24, 2021) (per curiam) (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013); emphasis in *Raj*)).

Similarly, the ultimate elements of a retaliation claim are that the plaintiff "engaged in an activity protected" by the applicable statute (for example, Title VII or the ADA); that "a materially adverse employment action against her occurred"; and that "there was a causal link between her protected activity and the adverse action." *Baker v. Univ. of Tex. Sw. Med. Ctr.*, No. 3:19-cv-3020-K-BH, 2023 WL 4214933, at *6 (N.D. Tex. June 2, 2023) (citing *Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016)), *rec. accepted*, 2023 WL 4208038 (N.D. Tex. June 27, 2023).

But Whitehurst's complaint lacks facts *at all*. It merely contains conclusions: that she was the victim of discrimination and retaliation in violation of federal statutes. *See* Dkt. No. 3 at 1; *see also id.* at 2 (providing this "brief description of [her] cause:" "harassment, fabrication, annihilation, retaliation, reprimanded").

She therefore fails to allege plausible violations of federal law. So her complaint must be dismissed.

That said, the opportunity file objections to these findings, conclusions, and recommendation (as further explained below) allows Whitehurst an opportunity to show that this case should not be dismissed and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments

would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

But, if Whitehurst fails to file timely objections that show a basis to amend, to allege a plausible claim – that is: one supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678 – the Court should dismiss this lawsuit with prejudice.

## Recommendation

Unless Plaintiff Jennifer Whitehurst shows through timely objections a basis to amend the complaint to allege a plausible claim, the Court should dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 21, 2024

                                            _____
                                            DAVID L. HORAN
                                            UNITED STATES MAGISTRATE JUDGE